This is an administrative appeal from a judgment of the Lucas County Court of Common Pleas affirming the decisions of the Ohio Liquor Control Commission to revoke the liquor license of appellant Heney Deen, d/b/a/ Brenda's Body Shop. Deen's appeal raises the following assignments of error:
 "I. THE LOWER COURT ERRED IN FINDING THE DECISION OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
 "II. OHIO ADMIN. CODE § 4301:1-1-52 HAS BEEN RULED TO BE UNCONSTITUTIONAL."
Brenda's Body Shop is an establishment in Toledo, Ohio that features live "go-go" dancing and which is owned and operated by Heney Deen, to whom a liquor license had been issued. From December 1995 to February 1996, agents of the Liquor Enforcement division of the Ohio Department of Public Safety conducted undercover surveillance at Brenda's Body Shop. As a result of that investigation, fifteen separate cases were filed against appellant alleging forty-four separate violations of the rules of the Ohio Liquor Control Commission. The matter came on for a hearing before the Ohio Liquor Control Commission on October 24, 1996. At that hearing, the Attorney General dismissed five of the cases in their entirety and, in all cases except case No. 1809-96, dismissed all of the charges except those that alleged trafficking in drugs. In case No. 1809-96, the Attorney General proceeded on the charges of trafficking in drugs and allowing improper physical contact with patrons. On May 21, 1997, the Liquor Control Commission issued decisions in the ten cases which it heard, finding appellant in violation of Ohio Adm. Code 4301:1-1-52 and revoking his liquor license.
On June 5, 1997, appellant appealed the revocation of his liquor license to the Lucas County Court of Common Pleas pursuant to R.C. 119.12. Upon review, that court held that the decisions of the Liquor Control Commission were based on reliable, probative and substantial evidence and were in accordance with the law. Accordingly, the court affirmed the decisions of the Liquor Control Commission. It is from that judgment that appellant now appeals.
In his first assignment of error, appellant contends that the lower court erred in finding that the decisions of the Liquor Control Commission were supported by reliable, probative and substantial evidence and were in accordance with law.
In reviewing an order of an administrative agency under R.C.119.12, a court of common pleas must determine whether the agency order is supported by reliable, probative and substantial evidence, and is in accordance with law. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. On appeal therefrom, an appellate court's review is even more limited.Id. With respect to factual issues, the scope of this court's review is limited to determining whether the common pleas court abused its discretion. In re Raymundo (1990), 67 Ohio App.3d 262,265. However, with respect to issues of law, the appellate court, like the court of common pleas, reviews the agency determinations de novo. Id.
In the present case, appellant was found to have violated Ohio Adm. Code 4301:1-1-52 by knowingly and/or willfully allowing his agents or employees to traffic illicit drugs (cocaine) at Brenda's Body Shop and by knowingly and/or willfully allowing female "go-go" dancers to have improper physical contact with patrons of Brenda's Body Shop. Ohio Adm. Code 4301:1-1-52 provides:
 "No permit holder, his agent, or employee shall knowingly or willfully allow in, upon or about his licensed premises improper conduct of any kind, type or character; any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane or obscene language, songs, entertainment, literature, pictures, or advertising materials; nor shall any entertainment consisting of the spoken language or songs which can or may convey either directly or by implication an immoral meaning be permitted in, upon or about the premises.
 "Entertainment consisting of dancing, either solo or otherwise, which may or can, either directly or by implication, suggest an immoral act is prohibited. Nor shall any permit holder, his agent, or employee possess or cause to have printed or distributed any lewd, immoral, indecent, or obscene literature, pictures or advertising material."
Appellant concedes that cocaine was sold to liquor control agents by dancers at his establishment. He asserts, however, that the dancers who committed the sales acts were a "few transient dancers of Brenda's" and were not "agents" or "employees" of Brenda's. He therefore claims that the record does not support a finding that the permit holder "knowingly" or "willfully" allowed improper conduct on or about the licensed premises. The record reveals that two of the dancers involved in the violations had worked at Brenda's Body Shop for approximately four years and the third had worked there longer. Given this record, we fail to see how these women could be viewed as anything but agents or employees. In addition, the Tenth District Court of Appeals has held that "regardless of their nominal status as independent contractors, dancers are agents of the permit holder for the purposes of Regulation 52 [Ohio Adm. Code 4301:1-1-52]." Insight Enterprises, Inc. v. OhioLiquor Control Comm. (1993), 87 Ohio App.3d 692, 697.
Accordingly, we find that the trial court did not abuse its discretion in affirming' the decisions of the Liquor Control Commission and the first assignment of error is not well-taken.
In his second assignment of error, appellant contends that Ohio Adm. Code 4301:1-1-52 is unconstitutional in that it is over broad and vague and therefore violative of theFirst Amendment to the United States Constitution and the concomitant provisions of the Ohio Constitution. Appellant cites the case of Cleveland's PM on the Boardwalk, Ltd. v. Ohio Liquor ControlCommission (Jan. 23, 1997), Cuyahoga App. No. 69779, unreported, in support of his argument. In that case, the Eighth District Court of Appeals held that Ohio Adm. Code4301:1-1-52 was unconstitutionally over broad in violation of Section II, Article I of the Ohio Constitution. Notwithstanding the fact that that case has been certified to the Supreme Court of Ohio on a conflict, we conclude that the Supreme Court of Ohio has spoken definitively on the issue in the older case ofSalem v. Liquor Control Comm. (1973), 34 Ohio St.2d 244, and find the second assignment of error not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J. ------------------------ JUDGE
Richard W. Knepper, J. ------------------------ JUDGE
John R. Milligan, J. CONCUR. ------------------------ JUDGE
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.